UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Sarah W.,[1]

          Plaintiff,

v.

Martin J. O'Malley, *Commissioner of the Social Security Administration*,

          Defendant.

Civ. No. 23-291 (JRT/LIB)

MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

---

Clifford Michael Farrell, **MANRING & FARRELL**, 5810 Shier Rings Road, Front, Dublin, OH 43016; Edward C. Olson, **REITAN LAW OFFICE**, 80 South Eighth Street, Suite 900, Minneapolis, MN 55402, for Plaintiff.

Ana H. Voss, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; James Potter and James D. Sides, **SOCIAL SECURITY ADMINISTRATION, OFFICE OF PROGRAM LITIGATION**, 6401 Security Boulevard, Baltimore, MD 21235, for Defendant.

Plaintiff Sarah W. objects to Magistrate Judge Leo I. Brisbois's Report and Recommendation ("R&R") upholding the Administrative Law Judge's ("ALJ") denial of her application for disability benefits. Sarah W. argues the ALJ did not adequately consider the opinions of her treating mental health provider when calculating her residual

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions such as this Order.

functional capacity. Because the Court finds that the ALJ's evaluation was supported by substantial evidence, it will overrule Sarah W.'s objections and adopt the R&R.

## BACKGROUND

The background of this case is described extensively in the R&R. Because Sarah W. does not specifically object to the statement of facts and procedural history in the R&R, the Court will adopt those statements in full and only briefly summarize the relevant background information here.

Sarah W.'s application for social security disability insurance benefits and supplemental security income were denied on initial review and reconsideration. (Soc. Sec. Admin. R. at 139, 144, 149, 154, 158, 161, 166, 171, 174, Apr. 7, 2023, Docket No. 8.)[2] An ALJ then affirmed that Sarah W. was not disabled based on the standard five-part evaluation. (*Id.* at 20, 23–37). As relevant to this objection, the ALJ concluded that Sarah W. retained residual functional capacity ("RFC") to engage in light work subject to certain limitations. (*Id.* at 26–29.)

In making his RFC determination, the ALJ acknowledged that Sarah W.'s impairments could reasonably cause her alleged symptoms; however, he found a lack of support for her statements regarding the "intensity, persistence, and limiting effects of these symptoms." (*Id.* at 30–31.) He based his decision in large part on substantial

---

[2] For convenience and consistency with the R&R, the Court cites to the consecutive pagination of the Administrative Record rather than the CM/ECF pagination.

evidence from a constellation of Sarah W.'s physicians and mental health providers. (*Id.* at 31–35.) The ALJ also "carefully considered" the contrary opinions of Clinical Psychologist Dr. Christensen, expressed through two letters and a check-box form. (*Id.* at 35.) However, Dr. Christensen's opinions on Sarah W.'s ability to sustain competitive employment intruded on social security's factfinding prerogative and his other opinions, expressed largely through a check-box form with little support and no progress notes, were not helpful. (*Id.* at 35–36.)

The Appeals Council denied Sarah W.'s request for review of the ALJ's decision. (*Id.* at 1.) She then filed this action, largely contending that the ALJ improperly discounted Dr. Christensen's opinions. (Compl., Feb. 6, 2023, Docket No. 1; *see* Pl.'s Mem. Supp. Mot. Summ. J. at 6, May 8, 2023, Docket No. 11.) Magistrate Judge Leo I. Brisbois issued an R&R recommending the Court deny Sarah W.'s motion for summary judgment and dismiss her Complaint because the ALJ adequately weighed Dr. Christensen's opinions and reached a decision supported by substantial evidence. (*See* R. & R. at 9–15, Jan. 12, 2024, Docket No. 19.) Sarah W. objected to the R&R, contending the ALJ violated 20 C.F.R. § 404.1520c when weighing Dr. Christensen's opinions. (Pl.'s Obj. to R. & R. at 2–5, Jan. 26, 2024, Docket No. 20.)

## DISCUSSION

### I.   STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn.

LR 72.2(b)(1).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews de novo "properly objected to" portions of an R&R.  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error."  *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

## II.   ANALYSIS

Sarah W.'s objections are merely restatements of those raised in her initial memorandum in support of her motion for summary judgment.  Sarah W. argued to the Magistrate Judge that the ALJ failed to give proper weight to the opinions of her treating mental health provider in making his RFC determination.  Here, she again claims only that the ALJ's analysis of her provider's opinions was flawed.  These objections are recitations of prior arguments to be reviewed for clear error, which the Court does not find.  *See Montgomery*, 98 F. Supp. 3d at 1017.  But even evaluated de novo, the Court does not find any error with the ALJ's decision.

A court reviewing a denial of benefits decides only whether the decision complied with the law and was supported by substantial evidence. 42 U.S.C. § 405(g).  A court must uphold a denial of benefits based on factual findings if the denial "is supported by substantial evidence on the record as a whole."  *Rappoport v. Sullivan*, 942 F.2d 1320,

1322 (8th Cir. 1991); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "[T]he threshold for such evidentiary sufficiency is not high . . . . It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations and internal quotation marks omitted).

Substantial evidence may be less than a preponderance of the evidence and a court may not reverse the ALJ's decision "even if substantial evidence would have supported a contrary decision or even if [it] would have decided the case differently." *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022). In other words, if the Court can reasonably draw two inconsistent conclusions, both of which are supported by the evidence, and one supports the ALJ's findings, the Court must affirm the ALJ's decision. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Still, this inquiry requires the Court to consider evidence that both supports and detracts from the ALJ's decision. *See Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015).

When evaluating whether substantial evidence supports the conclusion, the Court may only consider the rationale the ALJ gave for the decision. *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001) ("A reviewing court may not uphold an agency decision based on reasons not articulated by the agency, when the agency has failed to make a necessary determination of fact or policy upon which the court's alternative basis is premised."

(cleaned up)); *see also SEC v. Chenery Corp.*, 318 U.S. 80, 87–88 (1943). Thus, even if there is evidence in the record for an alternative rationale that would support the outcome reached by the ALJ, a reviewing court may not search the record for this evidence. *See Mayo v. Schiltgen*, 921 F.2d 177, 179 (8th Cir. 1990). Still, standing alone, an ALJ's failure to adequately explain the rationale or factual finding or to address specific facts in the record does not require a reviewing court to remand if the record as a whole provides substantial evidence for the decision. *Vance v. Berryhill*, 860 F.3d 1114, 1118 (8th Cir. 2017).

Sarah W. claims that in making the RFC determination, the ALJ improperly discounted Dr. Christensen's "check-box" opinions, failed to analyze his letters, and discredited his opinions where he failed to provide treatment notes. As to the check-box opinions, such forms have "little evidentiary value when [they] . . . 'provide[] little to no elaboration.'" *E.g., Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012) (quoting *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010). And simply because the ALJ did not discuss Dr. Christensen's letters in the context of the check-box opinion does not mean such evidence was not considered. *Cf. Wildman*, 596 F.3d at 966 (An "ALJ's failure to cite specific evidence does not indicate that such evidence was not considered."). Ultimately, Sarah W. asks the Court to reweigh the evidence and reach a conclusion more favorable to her position. The Court cannot accept that invitation. *See Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021).

The Court also disagrees that the ALJ improperly discredited Dr. Christensen's opinions because he failed to provide progress notes. While Sarah W. is correct that Dr. Christensen did not need to provide confidential notes, he failed to provide any non-confidential evidence of treatment.[3] The ALJ was entitled to conclude Dr. Christensen's opinion was unpersuasive given his failure to provide contemporaneous evidence of treatment and the inconsistency of Dr. Christensen's opinion with the record as a whole. In sum, the Court finds that the ALJ's opinion can be logically followed, and his conclusion is supported by substantial evidence.

## CONCLUSION

Because the Magistrate Judge did not clearly err when finding the ALJ's opinion was supported by substantial evidence, the Court will overrule Sarah W.'s objections and adopt the R&R.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

---

[3] The Social Security Administration does not consider "medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis, and progress to date" as part of psychotherapy notes. *Fact Sheet for Mental Health Care Professionals*, Social Security Administration, https://www.ssa.gov/disability/professionals/mentalhealthproffacts.htm (last accessed Mar. 4, 2024).

1. Plaintiff's Objections to the Report and Recommendation [Docket No. 20] are **OVERRULED**;

2. Magistrate Judge Leo I. Brisbois's Report and Recommendation [Docket No. 19] is **ADOPTED**;

3. Plaintiff's Motion for Summary Judgment [Docket No. 10] is **DENIED**; and

4. Plaintiff's Complaint [Docket No. 1] is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  March 6, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge